# EXHIBIT B



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS

THE ACTING ASSISTANT SECRETARY

September 16, 2025

Michelle C. Reid, Ed.D.
Division Superintendent
Fairfax County Public Schools
8115 Gatehouse Road
Falls Church, VA 22042

Dear Superintendent Reid:

This letter is to notify you that the U.S. Department of Education's (Department) Office for Civil Rights (OCR) has identified a civil rights compliance issue with Fairfax County Public Schools (FCPS). OCR is deeply concerned about the Division's Regulation 2603.2, the text of which authorizes discrimination on the basis of sex in violation of Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681 *et seq.*, and its implementing regulation, 34 C.F.R. Part 106.[1]

By statute, the Magnet School Assistance Program (MSAP) provides discretionary grants to local educational agencies (LEAs) or consortia of LEAs to operate magnet schools that promote desegregation in order to "increase interaction among students of different social, economic, ethnic, and racial backgrounds."[2] Prior to grant disbursement, OCR's Assistant Secretary for Civil Rights must sign an assurance that the applicant will "not engage in discrimination based on race, religion, color, national origin, sex, or disability."[3]

---

[1] The Title IX regulations that took effect on August 14, 2020, are in force. *See Tennessee v. Cardona*, 762 F. Supp. 3d 615, 626-28 (E.D. Ky. 2025).

[2] 20 U.S.C. § 7231d(b)(1)(A).

[3] 20 U.S.C. § 7231d(b)(2)(C), stating that an applicant "will not engage in discrimination based on race, religion, color, national origin, sex, or disability in--
    (i) the hiring, promotion, or assignment of employees of the applicant or other personnel for whom the applicant
        has any administrative responsibility;
    (ii) the assignment of students to schools, or to courses of instruction within the schools, of such applicant, except
         to carry out the approved plan; and
    (iii) designing or operating extracurricular activities for students[.]"

Here, Regulation 2603.2 violates Title IX and its implementing regulations because the policy mandates that "[g]ender-expansive and transgender students shall be provided with the option of using a locker room or restroom consistent with the student's gender identity."

Title IX's commitment to sex-separated intimate facilities is based on immutable biological differences, well-established privacy interests, and ensuring the safety of all students when in enclosed and vulnerable spaces.[4] This is not only permissible and advisable but often necessary to ensure equal opportunities for girls and women and prevent a hostile educational environment. When recipients of Federal funding require schools to treat "trans-identifying" males as if they were "females," including in intimate traditionally sex-separate facilities, they defeat the very purpose of Title IX: to ensure equal opportunities for women while not jeopardizing their privacy, safety, or other rights. *See, e.g.*, *Tennessee v. Cardona*, 737 F. Supp. 3d 510, 559-61 (E.D. Ky. 2024). Simply put, allowing males in girls' intimate facilities or private spaces violates Title IX by creating a hostile educational environment or denying females equal access to benefits of education programs or activities. The same can be said when female students are permitted to enter private spaces reserved for male students.

The consequences of FCPS' policy are predictable: female students, as well as male students, are being subject to hostile educational environments or denied equal access to benefits of education programs or activities and will be in the future. FCPS informed OCR that it was sued prior to the 2024-2025 school year by students alleging that Regulation 2603.2 violated their free speech, free exercise, due process, and equal protection rights because it required students to share a restroom with someone who is trans-identifying or, alternatively, use single-use restrooms.

In that lawsuit, according to an Amended Petition for Declaratory, Injunctive, and Additional Relief submitted by the petitioners to the court and reviewed by OCR, one of the students "avoided using school restrooms and only did so when absolutely necessary" because of Regulation 2603.2's permissive mandate. Similar policies in neighboring divisions have resulted in allegations of harm from students, including the

---

[4] In *Adams v. School of St. Johns County*, the court observed that sex-separated intimate facilities "date[]back to ancient times" and serve to protect the privacy and safety interests that arise from the physical differences of the sexes. 57 F.4th 791, 805 (11th Cir. 2022) (en banc) (internal quotation marks and citations omitted).

objective harms of bullying and harassment. Allegations of subjective harms include students feeling discomfort, embarrassment, and vulnerability.

By allowing males to invade sensitive female-only spaces like bathrooms (and vice versa), the Division intentionally, or with deliberate indifference, endangers students' safety, privacy, and dignity; creates a hostile environment for students; and denies them access to educational activities or programs. *See, e.g.*, *Tennessee*, 737 F. Supp. 3d at 561 ("ignoring fundamental biological truths between the two sexes deprives women and girls of meaningful access to educational facilities"). FCPS is thus violating Title IX.[5]

As a result of these findings, I will not certify FCPS' grant under 20 U.S.C. § 7231d(c). Likewise, FCPS' MSAP grant will be non-continued under 34 C.F.R. § 75.253(a)(5) because it is no longer in the best interest of the Federal Government.

To comply with the law, OCR requires that the division amend its Regulation 2603.2 and take the following steps:

1. Rescind the policies and/or regulations that allow students to access intimate facilities based on their "gender identity" rather than their sex;
2. Issue a memorandum to each Division school explaining that any future policies related to access to intimate facilities must be consistent with Title IX by separating students strictly on the basis of sex, and that Title IX ensures women's equal opportunity in any education program or activity including athletic programs; and
3. Adopt biology-based definitions of the words "male" and "female" in all practices and policies relating to Title IX.

---

[5] FCPS's presumptive reliance upon *Grimm v. Glouchester Cnty. Sch. Bd.*, 972 F.3d 586 (4th Cir. 2020), does not alter this conclusion. First, *Grimm* only considered school bathrooms and does not address locker rooms. Regulation 2603.2, however, applies to "the option of using a locker room . . . consistent with student's gender identity." Second, *Grimm* applies only to school bathroom policies that implicate the rights of students who "consistently, persistently, and insistently" identify as the opposite sex while Regulation 2603.2 allows students who are "gender expansive," "non-binary," and "gender fluid" to use bathrooms that do not correspond to their biological sex. FCPS's regulation is broadly outside of what *Grimm* permits. Third, *United States v. Skrmetti*, 605 U.S. ---, 145 S. Ct. 1816 (2025), abrogated *Grimm* in material respects. *Grimm's* Title IX ruling, for instance, hinged on the correctness of its equal protection analyses, but *Skrmetti* made clear that the controlling equal protection question is whether a policy "prohibit[s] conduct for one sex that it permits for the other." 145 S. Ct. at 1831. Sex-separated bathrooms treat both sexes equally: neither sex may use the bathroom of his or her choosing; both sexes must use the bathroom consistent with his or her sex. For these reasons and those articulated previously, Regulation 2603.2 violates Title IX.

Superintendent Reid  
September 16, 2025  
Page 4

Pursuant to 34 C.F.R. § 75.253(g), you may request reconsideration of this decision. In order for this decision to be reconsidered, please notify OCR as to whether FCPS will agree to take the remedial steps described above to ensure it is in compliance with Title IX and its implementing regulations by 5 p.m. ET Friday, September 19, 2025.

                          Sincerely,

                          /s/  
                          Craig W. Trainor  
                          Acting Assistant Secretary for Civil Rights