# EXHIBIT C



Dr. Michelle C. Reid, Superintendent
8115 Gatehouse Road
Falls Church, Virginia 22042

September 19, 2025

Hayley B. Sanon
Principal Deputy Assistant Secretary and Acting Assistant Secretary
Office of Elementary and Secondary Education
U.S. Department of Education
OESEGrants@ed.gov
400 Maryland Ave. SW
Washington, DC 20202

Craig Trainor
Acting Assistant Secretary for Civil Rights
Office for Civil Rights
U.S. Department of Education
400 Maryland Ave. SW
Washington, DC 20202

Re:    Grant Under Magnet School Assistance Program (Award No. S165A240043)

Dear Ms. Sanon & Mr. Trainor,

Fairfax County Public Schools ("FCPS" or the "Division") submits this request for reconsideration of the U.S. Department of Education, Office for Civil Rights' (OCR) September 16, 2025 decision to "not certify" FCPS's Magnet School Assistance Program (MSAP) Grant, (Award #: S165A240043) (the "MSAP Grant") and to non-continue the MSAP Grant "because it is no longer in the best interest of the Federal Government."

OCR's September 16, 2025 decision demanded FCPS take the following actions in order to seek reconsideration: "amend its Regulation 2603.2 and "(1) Rescind the policies and/or regulations that allow students to access intimate facilities based on their 'gender identity' rather than their sex; (2) Issue a memorandum to each Division school explaining that any future policies related to access to intimate facilities must be consistent with Title IX by separating students strictly on the basis of sex, and that Title IX ensures women's equal opportunity in any education program or activity including athletic programs; and (3) Adopt biology-based definitions of the words 'male' and 'female' in all practices and policies relating to Title IX."

While FCPS respectfully requests reconsideration, FCPS cannot take the steps demanded in OCR's September 16, 2025 decision because the conditions OCR placed in its decision are based on OCR's unilateral and informal interpretation of Title IX which cannot overturn or rescind the application of the Fourth Circuit Court of Appeals' binding interpretation of Title IX. *See Fairfax County Sch. Bd. v. McMahon*, No. 1:25-cv-1432, ECF No. 28 (E.D. Va. Sept. 5, 2025) ("This Court unconditionally recognizes that *Grimm* 'remains the law of this Circuit' and thus binds both this Court and the parties within the Fourth Circuit.").[1]

---

[1] FCPS has appealed Judge Alston's denial of the FCPS's motion for preliminary injunction in this case and filed a motion for emergency relief in the United States Court of Appeals for the Fourth Circuit. That appeal is pending as of the submission of this request for reconsideration.

Hayley B. Sanon and Craig Trainor
September 19, 2025
Page 2

As a result, FCPS reserves all rights and we have set forth our basis for disagreeing with the U.S. Department of Education's September 16, 2025, decision and attached relevant supporting documentation, as required by 34 C.F.R. § 75.253(g) and 2 C.F.R. § 200.342.

    I.    <u>Factual Background</u>

The MSAP grant program is a discretionary grant overseen by the U.S. Department of Education's Office of Elementary and Secondary Education ("OESE"). This grant program is authorized by Congress in Title IV, Part D of the Elementary and Secondary Education Act of 1965 ("ESEA"). Its purpose is to provide grants to local education agencies to operate magnet schools to assist in the desegregation of schools.

FCPS applied for the MSAP Grant on May 10, 2024. The U.S. Department of Education awarded FCPS the MSAP Grant on September 30, 2024. The MSAP Grant is a 5-year grant, expected to continue yearly through September 30, 2029. Upon award, FCPS was informed by the U.S. Department of Education that FCPS's first year of funding would be available immediately and the second year of funding would be front-loaded. As of this morning, Friday, September 19, 2025, FCPS has continued to receive communications from the MSAP program officials at the U.S. Department of Education about carrying over funding from the current year and budgeting for future years.

The MSAP Grant is subject to program authority granted by 20 U.S.C. § 7231, in particular the requirements at 20 U.S.C. § 7231d. The regulations applicable are 34 CFR Part 280, as well as EDGAR 34 CFR Parts 75, 77, 79 and 84; 2 C.F.R. Part 180 (as adopted by the U.S. Department of Education at 2 C.F.R. part 3485) and 2 C.F.R. Part 200 (as adopted by the U.S. Department of Education at 2 C.F.R. Part 3474). The MSAP Grant is also subject to additional terms and conditions detailed in the applicable Grant Award Notification, the most recent prior to the September 16, 2025, decision being the Grant Award Notification dated September 27, 2024, *See* attached.

The MSAP Grant has funded a new Montessori program within FCPS. Montessori education offers a unique approach with mixed-age classrooms, individualized learning plans, and a focus on student independence and creativity. This school year, the grant currently serves 125 students in the Montessori program all from elementary schools within the same school pyramid. Additional students will be added each year of the grant, with the intention of serving up to 450 students throughout implementation. This program maintains access to quality education, including preschool opportunities, Montessori trained teachers, and a curriculum designed to strengthen academic skills and support student development.

FCPS continues to demonstrate that it is meeting the goals and objectives of the MSAP Grant, as required by the U.S. Department of Education. FCPS has also continued to meet all the applicable eligibility requirements of the grant program, submitted all reports required, and maintained financial and administrative management systems that meet the applicable regulatory requirements.

    II.    <u>OCR Improperly Concluded in its September 16, 2025, Decision that FCPS Engaged in Discrimination</u>

In deciding to not certify FCPS's compliance with the grant assurances, the Acting Assistant Secretary for Civil Rights purported to act under his authority as provided in 20 U.S.C § 7231d(c),

Hayley B. Sanon and Craig Trainor
September 19, 2025
Page 3

which requires that "[n]o grant shall be awarded . . . unless the Assistant secretary of Education for Civil Rights determines that the assurances described in [20 U.S.C. § 7231d] subsection (b)(2)(C) will be met." 20 U.S.C § 7231d(c).

The MSAP grant program requires FCPS to assure the U.S. Department of Education that it will "not engage in discrimination based on race, religion color, national origin, sex, or disability in – (i) the hiring, promotion, or assignment of employees of the applicant or other personnel for whom the applicant has any administrative responsibility; (ii) the assignment of students to schools, or to courses of instruction within the schools, of such applicant, except to carry out the approved plan; and (iii) designing or operating extracurricular activities for students." 20 U.S.C. § 7231d(b)(2)(C); *see also* 34 CFR §280.20(b)(3)-(5).

FCPS made these assurances in 2024 when it applied for this grant. At that time, Regulation 2603.2 had been in place for approximately two years, and its predecessor versions which are materially identical had been in effect for approximately four years. At the time of FCPS's application in 2024, the U.S. Department of Education interpreted Title IX to *require* recipients of federal funds, including FCPS, to ensure that students had access to facilities that corresponded to their gender identities. Further, at the time of these assurances in 2024 – and continuing up through the date of this letter – the binding case law on this issue is the 4th Circuit's 2020 decision in *Grimm v. Gloucester County School Board*, which held that that both the Equal Protection Clause and Title IX *compel* schools to provide students access to facilities that correspond with students' gender identities. *Grimm v. Gloucester County School Board*, 972 F.3d 586 (4th Cir. 2020).

As you are aware, OCR has made an unfounded determination that FCPS's facilities-access policy – Regulation 2603.2 – violates Title IX because it allows transgender students to use the sex-segregated facilities, including locker rooms and restrooms, that correspond with their gender identities. The plaintiff in the *Doe* case (filed in state court), upon which you heavily relied in your September 16 decision, decided to drop her lawsuit on September 15.

We will not repeat the authority we have cited to the U.S. Department of Education in past correspondence, most recently of September 18, 2025, regarding FCPS's ongoing compliance with Title IX beyond stating its clear conclusion – that Regulation 2603.2 comports with binding precedent in the Fourth Circuit. OCR's contrary opinion is based on its unilateral interpretation of Title IX which is legally ineffective to rescind the applicability of the current law that binds FCPS.

FCPS cannot and will not submit any directive, as required by OCR's September 16, 2025, decision regarding the MSAP Grant that would force FCPS to contradict binding legal authority to prevent its loss of federal funds. Instead, FCPS will continue to ensure that it adheres to all laws that apply to its grants and subgrants.

    III.    <u>OCR Followed Improper Procedures in its September 16, 2025, Decision to Non-Continue the MSAP Grant</u>

In deciding to non-continue the MSAP Grant, the U.S. Department of Education purported to act consistent with 34 C.F.R. § 75.253(a)(5), which provides that the Secretary may decide not to continue a multiyear project after the first budget period if FCPS fails to "[r]eceive a determination from the Secretary that continuation of the project is in the best interest of the Federal Government." 34 C.F.R. § 75.253(a)(5).

Hayley B. Sanon and Craig Trainor
September 19, 2025
Page 4

Specifically, according to its September 16, 2025, decision, OCR – and not the Secretary – informed FCPS that the MSAP Grant "is no longer in the best interests of the Federal Government" without any further explanation as to why.

Under the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A), an agency may not take actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The U.S. Department of Education has failed to comply with the APA in several ways in deciding to non-continue the MSAP Grant.

OCR has not provided any basis, much less a rational basis, for its decision to non-continue the MSAP Grant. The U.S. Department of Education is required to examine all data and provide a reasoned explanation, "including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Contrary to the requirements of the applicable regulation at 34 C.F.R. § 75.253(b), the U.S. Department of Education did not undertake to "consider relevant information regarding grantee performance" such as grantee reports, performance measures, or financial information related to FCPS's implementation of the MSAP Grant. Rather, the September 16, 2025, decision contains *no* examination of FCPS's work related to its implementation of the MSAP Grant. Instead, OCR summarily pronounces that the MSAP Grant "is no longer in the best interests of the Federal Government."

More importantly, OCR erred because the MSAP Grant awarded to FCPS, and the MSAP grant program more generally, are in the best interests of the federal government and are most certainly an appropriate use of federal funds. Specifically, Secretary of Education Linda McMahon herself, most recently on September 9, 2025, participated in a school choice roundtable as part of her "Returning Education to the States" tour focused on ensuring that parents be given the right to *choose* a school for their children.

Magnet schools do just that. Magnet schools are public schools operated by local education agencies with special curricula. The purpose of the MSAP grant program is, in part, to enable "magnet school programs that assist LEAs in achieving systemic reforms and providing all students the opportunity to meet challenging State academic standards" and to support LEAs in providing "innovative educational methods and practices that . . . increase choices in public education programs." *See* U.S. Department of Education, Magnet Schools Assistance Programs, available at: https://www.ed.gov/grants-and-programs/grants-birth-grade-12/school-and-community-improvement-grants/magnet-schools-assistance-program-msap#home. More specifically to the FCPS MSAP Grant, this grant provides support for an innovative, public Montessori school for children in the school division. In addition, with passage earlier this year of the Big Beautiful Bill, bipartisan majorities in Congress approved continued funding of the MSAP program. By all appearances, OCR's determination that FCPS's MSAP grant "is no longer in the best interests of the Federal Government" is simply "an explanation for its decision that runs counter to the evidence before the agency." *Ark Initiative v. Tidwell*, 816 F.3d 119, 127 (D.C. Cir. 2016).

Not only is OCR's decision to non-continue the MSAP Grant arbitrary, it also fails to take into account FCPS's substantial reliance interests. "When an agency changes course, . . . it must be cognizant that longstanding policies may have engendered serious reliance interests that must be taken into account." *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 30 (2020). Here, the MSAP Grant funds the development of a new Montessori magnet school in Fairfax County. FCPS had no reason to expect that the U.S. Department of Education would

Hayley B. Sanon and Craig Trainor
September 19, 2025
Page 5

decide to non-continue the MSAP Grant, which was expected to be performed through September 30. 2029, especially since the U.S. Department of Education staff discussed carryover funds and the upcoming years' budget with FCPS as recently as this morning. The harm from this abrupt non-continuation will cause severe disruption to the services FCPS is able to provide, yet the U.S. Department of Education completely disregards this impact.

Finally, under 2 CFR § 200.342, federal agencies are required to provide grantees with an opportunity to object and present information before enforcing remedies such as non-continuation. FCPS was not afforded such an opportunity prior to the issuance of the September 16, 2025, decision.

It would appear to FCPS that the non-continuation of the MSAP Grant stems from the content or viewpoint of speech associated with FCPS's pending litigation against the U.S. Department of Education. Such action constitutes an unconstitutional infringement on First Amendment rights and retaliation. The federal government cannot penalize FCPS for engaging in or supporting lawful speech and exercising its rights in court.

In sum, OCR has not explained its actions, has not engaged in reasoned decision-making, and has failed to consider significant reliance interests in its decision to non-continue the MSAP Grant. Its actions are thus arbitrary and capricious and contrary to law and cannot therefore be justified.

IV.     Requested Relief

The U.S. Department of Education's decision "not [to] certify FCPS' [MSAP] grant under 20 U.S.C. § 7231d(c)" and to non-continue the MSAP grant "under 34 C.F.R. § 75.253(a)(5) because it is no longer in the best interest of the Federal Government" is without basis in fact and contrary to law. Moreover, the U.S. Department of Education's terms for reconsideration are illegal, as they require FCPS to violate applicable law.

As a result, FCPS requests that the U.S. Department of Education reconsider its September 16, 2025, decision and reinstate funding for the MSAP Grant.

If the U.S. Department of Education does not reverse is decision on the MSAP Grant, we request a formal hearing on this dispute and reserve all rights to further appeal in all forums of applicable jurisdiction.

Sincerely,

Michelle C. Reid, Ed.D.
Division Superintendent

cc:     John E. Foster, Division Counsel



S165A240043

## US Department of Education
## Washington, D.C. 20202

# GRANT AWARD NOTIFICATION

| | | | |
|---|---|---|---|
| **1** | **RECIPIENT NAME**<br><br>Fairfax County Public Schools (FCPS)<br>Chief of Schools<br>8115 Gatehouse Road<br>Falls Church, VA 22042 | **2** | **AWARD INFORMATION**<br><br>PR/AWARD NUMBER   S165A240043<br>ACTION NUMBER    1<br>ACTION TYPE      New<br>AWARD TYPE       Discretionary |
| **3** | **PROJECT STAFF**<br><br>RECIPIENT PROJECT DIRECTOR<br>  Marie Lemmon        (571) 423-1340<br>  mmlemmon@fcps.edu<br>EDUCATION PROGRAM CONTACT<br>  Hans L Neseth       (202) 453-6515<br>  hans.neseth@ed.gov<br>EDUCATION PAYMENT HOTLINE<br>  G5 PAYEE HELPDESK   888-336-8930<br>  obssed@servicenowservices.com | **4** | **PROJECT TITLE**<br><br>84.165A<br>Fairfax County Public Schools Magnet Schools Assistance Program |

| | |
|---|---|
| **5** | **KEY PERSONNEL**<br><br>NAME            TITLE             LEVEL OF EFFORT<br>Marie Lemmon    Project Director        0 % |
| **6** | **AWARD PERIODS**<br><br>    BUDGET PERIOD       10/01/2024 - 09/30/2025<br>PERFORMANCE PERIOD    10/01/2024 - 09/30/2029<br><br>FUTURE BUDGET PERIODS<br><br>BUDGET PERIOD     DATE                      AMOUNT<br>     2            10/01/2025 - 09/30/2026    $2,737,050.00<br>     3            10/01/2026 - 09/30/2027    $3,114,383.00<br>     4            10/01/2027 - 09/30/2028    $4,064,400.00<br>     5            10/01/2028 - 09/30/2029    $3,790,847.00 |
| **7** | **AUTHORIZED FUNDING**<br><br>        THIS ACTION        $1,293,320.00<br>      BUDGET PERIOD        $1,293,320.00<br>  PERFORMANCE PERIOD     $1,293,320.00 |
| **8** | **ADMINISTRATIVE INFORMATION**<br><br>         UEI    P326BBJU66M3<br>  REGULATIONS  CFR PART 280<br>               EDGAR AS APPLICABLE<br>               2 CFR AS APPLICABLE<br>  ATTACHMENTS  1 , 2 , 3 , 6 , 8 , 9 , 11 , 12 , 13 , 14 , 15 , 17D , 18D , B OESE , GE1 , GE2 , GE3 , GE4 , GE5 |
| **9** | **LEGISLATIVE AND FISCAL DATA**<br><br>  AUTHORITY:        PL P.L. 114-95 V-A ELEMENTARY AND SECONDARY EDUCATION ACT<br>                    OF 1965, AS AMENDED BY THE EVERY STUDENT SUCCEEDS ACT<br>  PROGRAM TITLE:    MAGNET SCHOOLS ASSISTANCE |