No. 25-2087

# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

FAIRFAX COUNTY SCHOOL BOARD,

*Plaintiff-Appellant,*

v.

LINDA MCMAHON, in her official capacity as Secretary of Education of the United States; UNITED STATES DEPARTMENT OF EDUCATION,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Virginia
Nos. 1:25-cv-01432-RDA-LRV
Honorable Rossie D. Alston, Jr.

**Motion of Alliance Defending Freedom for Leave to File Brief as Amicus Curiae Supporting Appellees and in Opposition to Appellant's Emergency Motion for Injunction Pending Appeal**

**Erin M. Hawley**
**Natalie D. Thompson**
**Alliance Defending Freedom**
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690

*Attorneys for Amicus Curiae Alliance Defending Freedom*

## CORPORATE DISCLOSURE STATEMENT

Amicus curiae Alliance Defending Freedom has no parent corporation nor any shares that could be owned by a publicly held corporation. *See* Fed. R. App. P. 26.1.

## MOTION

Alliance Defending Freedom (ADF) moves for leave to file an amicus brief in support of Appellees and in opposition to Appellant's emergency motion for an injunction pending appeal. The proposed brief is attached.

Alliance Defending Freedom is a public-interest law firm dedicated to defending religious freedom, free speech, the sanctity of life, parental rights, and marriage and family. ADF is deeply troubled by school policies that permit individuals to access the opposite sex's private facilities. Schoolchildren have a right to bodily privacy from the opposite sex, so sensitive facilities like restrooms, showers, and locker rooms are separated on that basis. That's because of the real biological differences between male and female. But policies like the school districts' allow males into girls' locker rooms, showers, and restrooms, and vice versa, all in service of scientifically discredited gender ideology. And because social transition is a powerful mental health intervention that can entrench a child's identification as the opposite sex, such policies risk harming the very children they claim to help.

The Court must decide whether Appellant is likely to succeed on the merits. That turns on, *inter alia*, the correct interpretation of Title IX and the Equal Protection Clause as applied to the school district's policies. ADF's proposed brief argues that the school districts' refusal to

1

cooperate with the Department of Education is based on an erroneous reading of Title IX and an incorrect understanding of the Equal Protection Clause.

ADF has frequently litigated the meaning of Title IX and the Equal Protection Clause in this context. For example, ADF represented a school district in *Department of Education v. Louisiana*, 603 U.S. 866 (2024), which concluded the prior administration's Title IX regulation requiring gender-identity-based access to school restrooms, locker rooms, and showers was likely unlawful, *id.* at 867. ADF obtained vacatur of that regulation on behalf of another school district in *Carroll Independent School District v. U.S. Department of Education*, No. 4:24-cv-00461-O, 2025 WL 1782572 (N.D. Tex. Feb. 19, 2025). And it has defended state laws that require sex-specific designations for restrooms and other private spaces in schools. *See, e.g.*, *Roe v. Critchfield*, 137 F.4th 912 (9th Cir. 2025). That includes representing the petitioner-intervenor in *West Virginia v. B.P.J.* In that case, the Supreme Court has granted certiorari to review this Court's decision that Title IX and the Equal Protection Clause are violated by West Virginia's law requiring sex-specific privacy and athletic participation policies, as applied to a male who identifies as a girl. *See B.P.J. by Jackson v. W. Virginia State Bd. of Educ.*, 98 F.4th 542, 565 (4th Cir. 2024), *cert. granted sub nom. W. Virginia v. B.P.J.*, No. 24-43, 2025 WL 1829164 (U.S. July 3, 2025).

As a result, ADF has a strong interest in seeing the courts correctly interpret and apply Title IX and the Equal Protection Clause. It also means ADF is well placed to provide context that will help the Court resolve Appellant's motion for an injunction pending appeal.

2

In addition, ADF frequently brings claims under the Administrative Procedures Act on behalf of clients affected by administrative agency action. *See, e.g.*, *Texas v. Becerra*, 89 F.4th 529, 546 (5th Cir.), *cert. denied*, 145 S. Ct. 139 (2024); *Carroll ISD*, 2025 WL 1782572, at *4. At least two such cases are pending today. *See Rapides Parish Sch. Bd. v. HHS*, No. 1:25-cv-00070 (W.D. La. filed Jan. 17, 2025); *Christian Employers All. v. EEOC*, No. 1:25-cv-00007 (D.N.D. filed Jan. 15, 2025). In many of these APA cases, ADF has obtained preliminary injunctive relief or a stay under 5 U.S.C. § 705 for its clients. *See, e.g.*, *Tennessee v. Dep't of Educ.*, 104 F.4th 577, 584 (6th Cir. 2024); *Purl v. HHS*, 760 F. Supp. 3d 489, 504 (N.D. Tex. 2024); *Kansas v. U.S. Dep't of Educ.*, 739 F. Supp. 3d 902, 936 (D. Kan. 2024); *Tennessee v. Cardona*, 737 F. Supp. 3d 510 (E.D. Ky. 2024); *Louisiana v. U.S. Dep't of Educ.*, 737 F. Supp. 3d 377, 409–10 (W.D. La. 2024).

As a result, ADF has significant experience addressing the equitable factors for temporary injunctive relief in APA cases. And its position on these factors typically opposes the federal government's, meaning its amicus brief provides a perspective that will not be found in the parties' briefs.

## PRAYER

Amicus curiae ADF respectfully requests that the Court grant it leave to file its proposed brief as amicus curiae.

3

Respectfully submitted this 25th day of September, 2025.

                               */s/ Natalie D. Thompson*
                               **Natalie D. Thompson**
                               **Erin Morrow Hawley**
                               **Alliance Defending Freedom**
                               440 First Street NW, Suite 600
                               Washington, DC 20001
                               (202) 393-8690

*Counsel for Amicus Curiae Alliance Defending Freedom*

## CERTIFICATE OF COMPLIANCE

I, Natalie D. Thompson, hereby certify that the foregoing motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 760 words.

I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook.

                               */s/ Natalie D. Thompson*
                               Natalie D. Thompson

5

## CERTIFICATE OF NOTIFICATION AND CONSENT

Pursuant to Local Rule 27(a), I certify that I informed counsel for the parties of the intended filing of this motion via email on September 22, 2025. Appellees consent to the granting of the motion. Appellants are opposed and intend to file a response.

*/s/ Natalie D. Thompson*
Natalie D. Thompson

5