**No. 25-2087**

# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

FAIRFAX COUNTY SCHOOL BOARD,

*Plaintiff-Appellant,*

v.

LINDA MCMAHON, IN HER OFFICIAL CAPACITY AS SECRETARY OF EDUCATION OF THE UNITED STATES; AND THE UNITED STATES DEPARTMENT OF EDUCATION,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Virginia,
No. 1:25-cv-01432-RDA-LRV, Hon. Rossie D. Alston, Jr.

**Motion to Expedite Appeal**

| | |
|---|---|
| Breanna Smith-Bonsu | Timothy J. Heaphy |
| Chloe Smeltzer | *Counsel of Record* |
| WILLKIE FARR & | Joshua N. Mitchell |
|   GALLAGHER LLP | Fiona L. Carroll |
| 300 N. La Salle Drive | Lindsay Hemminger |
| Chicago, IL 60654 | WILLKIE FARR & |
| (312) 728-9000 |   GALLAGHER LLP |
| | 1875 K Street Northwest |
| | Washington, DC 20006 |
| | 202-303-1000 |
| | theaphy@willkie.com |

*Counsel for Plaintiff-Appellant*

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii
INTRODUCTION ..................................................................................................... 1
BACKGROUND ....................................................................................................... 3
ARGUMENT ............................................................................................................. 5
CONCLUSION ......................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Grimm v. Gloucester County School Board,*
   972 F.3d 586 (4th Cir. 2020) ......................................................... 3, 6, 7

*League of Women Voters of N.C. v. North Carolina,*
   No. 14-1859 (4th Cir. Sept. 9, 2014) ..................................................... 5

*Mahmoud v. McKnight,*
   No. 23-1890 (4th Cir. Sept. 25, 2023) ................................................... 5

**Statutes**

28 U.S.C. § 1657 ................................................................................. 5

**Other Authorities**

4th Cir. R. 12 ..................................................................................... 5

4th Cir. R. 27 ..................................................................................... 2

Federal Rule of Appellate Procedure 31(a)(1) ......................................... 2

## INTRODUCTION

This appeal arises from Defendants' demand that the Fairfax County School Board ("FCSB"), which operates Fairfax County Public Schools ("FCPS"), violate binding Fourth Circuit precedent interpreting Title IX—precedent that this Court reaffirmed only a few weeks ago. Because FCPS has refused that demand, Defendants have illegally and improperly categorized the school district as "high-risk," placed the funding Congress has appropriated to FCPS on "reimbursement-only" status, and imposed unlawful conditions on such reimbursement. FCSB challenged this designation in the Eastern District of Virginia, seeking declaratory and injunctive relief from Defendants' arbitrary and capricious actions. Relying on unclear and inapposite emergency-docket guidance from a fractured Supreme Court, the District Court ruled that FCSB's demands for relief lay within the exclusive jurisdiction of the Court of Federal Claims. The district court denied FCSB's request for injunctive relief and dismissed the complaint.

On October 1, this Court denied FCSB's motion for an injunction pending appeal. With that denial, FCPS's federal funding remains predicated upon unlawful conditions for reimbursement and the

1

likelihood that thousands of FCPS students will be deprived of essential services is now increased. *See generally* Doc. 10. Accordingly, FCSB requests that the Court expedite briefing and disposition of this appeal.

The record has not yet been filed, and as a result, no briefing schedule has yet been triggered under Rule 31(a)(1) of the Federal Rules of Appellate Procedure. But continued uncertainty concerning Defendants' erroneous designation will have grave consequences for FCPS students and vitiate FCSB's duty to provide them with a free, high-quality education, FCSB respectfully requests that the Court expedite this appeal and order the following briefing schedule:

> Opening Brief & Appendix: October 22, 2025
>
> Response Brief: November 12, 2025
>
> Reply Brief: November 26, 2025

FCSB further requests that the Court schedule oral argument for as soon after the completion of briefing as is practicable.

In accordance with 4th Cir. R. 27(a), counsel for all parties received notice of this motion. Defendants' counsel indicated that they do not consent to the granting of the motion but did not indicate whether they intend to file a response in opposition.

2

## BACKGROUND

FCSB described the procedural and factual background of this case in its motion for injunctive relief (Doc. 10), and it incorporates that description here by reference. For the Court's convenience, an abbreviated discussion of the case background follows.

This dispute arises out of FCSB's facilities access policy, Regulation 2603.2, which allows all students to use the sex-segregated facilities—such as restrooms and locker rooms—that correspond to the students' gender identities. R.1. ¶ 40. Regulation 2603.2 codifies this Court's holding in *Grimm v. Gloucester County School Board*, 972 F.3d 586 (4th Cir. 2020).

In February, the Department's Office for Civil Rights ("OCR") notified FCPS and four other northern Virginia school divisions that complaints had been filed regarding those school districts' transgender-student facilities-access policies.[1] R.1 ¶ 41. FCPS promptly responded, citing *Grimm* as a basis for Regulation 2603.2. *Id.* ¶ 43.

---

[1] This complaint was filed not by a student, parent, or school staff, but by America First Legal, a conservative law firm cofounded by White House adviser Stephen Miller.

3

On July 25, 2025, OCR issued a Findings Letter asserting that Regulation 2603.2 violates Title IX. *Id.* ¶ 44. OCR demanded that FCPS alter its policy and require that students use sex-segregated facilities that correspond to the sex assigned the students at birth. *Id.* OCR imposed an August 15 deadline for compliance. *Id.* ¶¶ 44–47. FCPS again stated that it could not lawfully comply. *Id.* ¶ 47.

On August 19, Defendants issued a letter designating FCPS as a "high-risk" entity on the basis that FCPS refused to comply with Defendants' interpretation of Title IX instead of this Court's. R.1-3. In addition to new reporting and compliance requirements, Defendants imposed "reimbursement-only" status on FCPS's federal grants, conditioning their payment on FCPS's adherence to the Department's interpretation of Title IX. *Id.*

On August 29, 2025, FCSB sued Defendants under the APA, seeking declaratory and injunctive relief. *See* R.1. On September 5, the district court issued an order denying FCSB's motion and dismissing its complaint for lack of jurisdiction on the basis that it believed the Court of Federal Claims has exclusive jurisdiction of FCSB's claims. *See* R.28.

4

## ARGUMENT

FCSB respectfully requests that the Court expedite briefing, consideration, and disposition of FCSB's appeal because FCPS's need for relief from Defendants' illegal demands is urgent. *See* 4th Cir. R. 12(c) ("The Court on its own motion or on motion of the parties may expedite an appeal for briefing and oral argument.").

"[E]ach court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action for … preliminary injunctive relief, or any other action if good cause therefor is shown." 28 U.S.C. § 1657. Under Section 1657, good cause is shown "if a right under … a Federal Statute … would be maintained in a factual context that indicates that a request for expedited consideration has merit." In keeping with that standard, this Court routinely expedites appeals where litigants face imminent statutory harms. *See* Order, *Mahmoud v. McKnight*, No. 23-1890 (4th Cir. Sept. 25, 2023), ECF No. 44 (accelerating briefing schedule in school curriculum case where school year had recently started); Order, *League of Women Voters of N.C. v. North Carolina*, No. 14-1859 (4th Cir. Sept. 9, 2014), ECF No. 39 (expediting

5

briefing in state election-law case to be completed by September 17 because last day for voter registration was October 10 and election was November 4).

Good cause for expedited treatment exists here. The 2025–2026 school year is underway, and Defendants have conditioned FCPS's future receipt of federal funding on FCPS taking illegal actions. As this Court has recently and repeatedly reinforced, and despite Defendants' insistence otherwise, *Grimm* binds all parties within the Fourth Circuit—but Defendants have conditioned FCPS's future receipt of federal funds on violating *Grimm*'s holding.

The funding Defendants have conditioned and restricted supports the most vulnerable students FCPS serves—students who rely on free and reduced-cost meals at school, and students with disabilities. R.1 ¶¶ 58, 97. Absent prompt relief, FCPS will lack resources to meaningfully serve those populations.

Specifically, Defendants' actions unlawfully jeopardize $167 million in federal funds that Congress appropriated for FCPS's 2025–2026 school year. *Id.* ¶ 57. For example, Defendants' actions impact access to $61 million in federal funds that FCPS needs to provide

6

nutrition services, including free and reduced-price meals to thousands of students every day, and to ensure that its cafeterias can feed its students high-quality meals. *Id.* ¶ 58. Defendants also seek to restrict access to $41 million designated to support students with disabilities. *Id.* Defendants' legally unsupportable decision to strip FCPS of these resources will likely impose lasting harm on the tens of thousands of students who depend on the programs that make these federal grants make possible, thus vitiating FCPS's constitutional duty to provide these students with a quality public education. An expedited decision on the jurisdictional question raised by FCSB's appeal is necessary so that the parties may resolve the merits of the dispute—which are governed by *Grimm*—and avoid the irreparable harm caused by limitation or cessation of federal funds.

The parties will not be prejudiced by an accelerated briefing schedule. The legal issue presented by this appeal—the district court's erroneous conclusion that it lacked subject-matter jurisdiction—can be briefed on the existing record, and the parties have already researched and briefed their legal positions in connection with FCSB's injunction

7

motion. Because good cause exists, an expedited briefing schedule is appropriate.

## CONCLUSION

For the foregoing reasons, the Court should expedite this appeal and adopt FCSB's proposed briefing schedule.

Dated: October 2, 2025

                                                Respectfully submitted,

                                                /s/ *Timothy J. Heaphy*
                                                Timothy J. Heaphy
                                                Joshua Mitchell
                                                Fiona Carroll
                                                Lindsay Hemminger
                                                Willkie Farr & Gallagher LLP
                                                1875 K St. NW
                                                Washington, DC 20006
                                                (202) 303-1000
                                                theaphy@willkie.com
                                                jmitchell@willkie.com
                                                fcarroll@willkie.com
                                                lhemminger@willkie.com

                                                Breanna Smith-Bonsu
                                                Chloe Smeltzer
                                                Willkie Farr & Gallagher LLP
                                                300 N La Salle Drive
                                                Chicago, IL 60654
                                                Phone: (312) 728-9000
                                                bsmith-bonsu@willkie.com
                                                csmeltzer@willkie.com

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(a) because it contains 1,287 words. This motion complies with the typeface and typeset requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office 365 in 14-point Century Schoolbook font.

/s/ *Timothy J. Heaphy*
Timothy J. Heaphy
