UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| FAIRFAX COUNTY SCHOOL BOARD ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | |
| v. ) | Appeal No. 25-2087 |
| ) | |
| LINDA McMAHON, Secretary of the ) | On appeal from the U.S. District |
| Department of Education, *et al.*, ) | Court for the Eastern District of |
| ) | Virginia, No. 1:25-cv-1432 |
| Defendants-Appellees. ) | |
| ) | |

### DEFENDANTS-APPELLEES' OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION TO EXPEDITE BRIEFING

Defendants-Appellees (collectively, "the Secretary") respond in opposition to Plaintiff-Appellant's ("Fairfax's") motion to expedite the briefing schedule in this appeal (Doc. 35).

### INTRODUCTION

The Secretary is amenable to a modest alteration to the ordinary briefing schedule, but the Secretary nevertheless submits that Fairfax's requested briefing schedule, Doc. 35 at 2, should not be adopted for three independent reasons. First, due to the temporary lapse of appropriations, any briefing in this matter should be stayed until that lapse has ended as undersigned counsel – and his colleagues – have largely been furloughed. Second, the underlying facts confirm there are no emergent circumstances to merit expedited consideration and Fairfax's own conduct belies the

1

notion that expedited consideration is necessary. Third, Fairfax's proposed schedule, if adopted, would prejudice the Secretary.

## ARGUMENT

1.  First, this Court should delay issuance of any briefing schedule, or at the very least suspend the Secretary's briefing obligations, until appropriations have been restored. As of 11:59pm on September 30, 2025, the appropriations that have been funding both the Department of Education and the Department of Justice expired and appropriations to both agencies have lapsed. Absent an appropriation, certain Department of Education and Department of Justice employees are prohibited from working, even on a voluntary basis, except in very limited circumstances. *See* 31 U.S.C. § 1342.

Undersigned counsel has been informed that he, as well as others within the Department of Justice, has been furloughed. That furlough reaches not just undersigned counsel, but all other potential attorneys who could litigate this case on behalf of the Secretary. Though undersigned is excepted for a limited managerial purpose, he can only perform work that that is related to his excepted status capacity—ensuring that the day-to-day logistical operations of the Criminal Division for the U.S. Attorney's Office for the Eastern District of Virginia, Alexandria Division continue without interruption. This is because, among other reasons, the attorneys and staff supporting the Criminal Division meet the limited exception for

2

performing work during a lapse of appropriations. 31 U.S.C. § 1342 (authorizing work involving "emergencies involving the safety of human life or the protection of property"). Though undersigned counsel is excepted for performing this limited managerial work, that exception does not reach his litigative obligations with respect to this appeal.

Accordingly, until such appropriations have been restored, this Court should either hold the briefing schedule in abeyance or continue the Secretary's obligation to file any responsive brief in a manner commensurate with the number of days of the lapse.[1]

**2.** There is also no need for expedited treatment of this appeal, as Fairfax does not face any imminent injury (let alone an irreparable one) and has alternative avenues of relief. This case concerns the Secretary's August 19, 2025 discretionary determination, made pursuant to 20 U.S.C. § 1226a-1, to designate Fairfax as "high risk" with respect to Department of Education funding. This determination did "not freeze or cut off" Fairfax's funding. Dist. Ct. Dkt. 19-1 ¶¶ 4, 7. Her designation also did not set conditions that Fairfax would need to satisfy for it to obtain reimbursement; instead, the designation simply permits the Secretary "to account for

---

[1] For example, if the lapse in appropriations began on October 1, 2025, the Secretary had a deadline on October 9, 2025, and appropriations were restored on October 9, 2025—meaning that an eight-day lapse of appropriations had occurred (*i.e.*, from October 1, 2025 to October 9, 2025)—the Secretary would be required to comply with the deadline by October 17, 2025.

3

identified risks and appropriately monitor [Fairfax] to mitigate those risks." Dist. Ct. Dkt. 19-1 ¶ 4; Dist. Ct. Dkt. 3-11, at 4. Stated differently, Fairfax will continue to receive Federal funds, but the *method* of payment (*i.e.*, reimbursement as opposed to upfront payments) will not change until Fairfax takes the appropriate remedial steps. *See also* Dist. Ct. Dkt. 19-1, ¶ 5. Of course, to the extent Fairfax contends the Secretary erred with respect to any reimbursement, as the District Court held, Fairfax has an avenue of relief through a claim in the United States Court of Federal Claims. *Dep't of Educ. v. California*, 604 U.S. 650, 651 (2025) (per curiam).

Relying *solely* on attorney argument, Fairfax asserts that expedited consideration is necessary because the Secretary "[has] conditioned [Fairfax's] future receipt of federal funding on [Fairfax] taking illegal actions" and that without this Court's relief, Fairfax "will lack resources to meaningfully serve" the student populations receiving Federal funds from the Secretary implicated by the "high risk" determination, Doc. 35 at 6. But the uncontroverted record evidence, as noted above, reveals the exact opposite. No funds have been withheld. All that has changed is the method of payment Fairfax through which will receive this specific subset of Federal funds.[2] Dist. Ct. Dkt. 3-11, at 4; Dist. Ct. Dkt. 19-1 ¶ 6.

---

[2] Of course, that is not much of a change for Fairfax, as its own declarant has established that it already receives many of its Federal funds through this method of payment. *See, e.g.*, Dist. Ct. Dkt. 16, ¶ 5.a.

4

In addition, neither of the two cases Fairfax identified supports its argument. Doc. 35 at 5 (citing Order, *League of Women Voters of N.C. v. North Carolina*, No. 14-1859 ECF No. 39 (4th Cir. Sept. 9, 2014); Order, *Mahoud v. McKnight*, No. 23-1890 ECF No. 44 (4th Cir. Sept. 25, 2023)). *League of Women Voters* was an election case, and as such, the action would have been moot if the Court did not accelerate its decision making to ensure a decision by election day. *See* Order, *League of Women Voters of N.C. v. North Carolina*, No. 14-1859 ECF No. 39 (4th Cir. Sept. 9, 2014); *see also Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Though *Mahmoud* ostensibly expedited consideration of the appeal to account for the *forthcoming* school year, Fairfax initiated this action *well after* its school year began. *See* Order, *Mahoud v. McKnight*, No. 23-1890 ECF No. 44 (4th Cir. Sept. 25, 2023). Fairfax's school year began on August 18, 2025, which was one day before the Secretary exercised her discretion to designate Fairfax as high risk. *See* Fairfax County Public Schools, "Fairfax County Public Schools 2025-2026 Standard School Year Calendar," https://tinyurl.com/Fairfax-2025-26-school-year (last accessed Oct. 8, 2025). However, despite alleging it was injured by the Secretary's August 19, 2025 discretionary determination, Fairfax waited ten days before initiating its civil action in the District Court. Dist. Ct. Dkt. 1. If anything, that the Court has already denied Fairfax's emergency motion for an injunction pending appeal supports the conclusion that there is no urgency or need for expedited

5

consideration. *See also Patel v. Albright*, 2022 WL 20622154, at *1 (4th Cir. Apr. 19, 2022) (denying motion to expedite and motion for injunction pending appeal because appellant failed to establish that "he [was] entitled to the extraordinary relief" (citing *League of Women Voters of N.C.*, 769 F.3d at 236)).

And Fairfax's own actions during this litigation confirm the lack of any need for expedited treatment. Indeed, Fairfax's delay in both noticing an appeal and moving for expedited consideration of this appeal, respectively, undermine the need to adopt its proposed briefing schedule. The District Court dismissed the action for lack of subject matter jurisdiction on September 5, 2025, *see* Dist. Ct. Dkt. 28. Yet Fairfax did not notice an appeal until four days later, on September 9, 2025. Dist. Ct. Dkt. 30. Once this Court docketed the appeal, Fairfax's counsel did not contact undersigned counsel about potentially expediting the appeal until October 1, 2025, which was twenty days later.[3] Accordingly, Fairfax's own delay in appealing and in seeking expedition belies the need to fully complete briefing in this matter by November 26, 2025. *See, e.g.*, *Nader v. Land*, 115 F. App'x 804, 806 (6th Cir. 2004) ("We deny the motion to expedite this appeal, principally because the plaintiffs have not proceeded expeditiously."); *United States v. Cluck*, 190 F.3d 548 (5th Cir. 1999) (per curiam) (unpublished table opinion) ("Because Cluck can[not] show good cause

---

[3] Moreover, Fairfax represented to this Court that it would seek expedited consideration on September 16, 2025, yet nevertheless waited an additional two weeks before doing so. Doc. 12.

6

to expedite the appeal . . . [the motion is] denied."), Order, *Toure v. Hott*, No. 20-6695, ECF No. 23 (4th Cir. June 5, 2020) (summary order denying motion to expedite in appeal where appellant waited nine days to notice an appeal and then waited an additional ten days before contacting appellee's counsel about expedited consideration).

In short, Fairfax's failure to act expeditiously, its lack of any immediate harm, and its access to a remedy in the Court of Federal Claims, all confirm that expedited consideration of this appeal is not necessary.

**3.**     Third, and contrary to Fairfax's assertion, the briefing schedule it proposes would "prejudice" the Secretary. Doc. 35 at 7. Under Fairfax's proposed schedule, its opening brief would be due on October 22, 2025—*i.e.*, 41 days since its appeal was first docketed in this Court. Yet under Fairfax's proposed schedule, despite having nearly twice the briefing time, the Secretary only receives 21 days to file its response brief by November 12, 2025. Doc. 35 at 5. Compounding this unfairness is that Fairfax would have almost have as much time—fourteen days—to file its reply brief. Doc. 35 at 2; *see also Morland v. Sprecher*, 443 U.S. 709, 710-11 (1979) (per curiam) (rejecting expedited treatment where, *inter alia*, "[t]he onus of expedition would have fallen entirely on the Government" and the circuit court).

Separate from the inherent inequities in Fairfax's proposed briefing schedule, additional considerations underscore why the Secretary is substantively prejudiced

7

by it. Fairfax's proposed schedule would uniquely place the Secretary at an unwarranted disadvantage, especially given the need to provide significant time for internal coordination and review of any draft brief on the issues presented in this case. Moreover, a federal holiday, Veterans Day, falls during the Secretary's 21-day response period. That is particularly significant for undersigned counsel as he will be using some personal time in the preceding days to travel to be with family for the purpose of celebrating his grandfather's 92nd birthday, which falls on Veterans Day.

Lastly, Fairfax contends that because the appeal can be resolved "on the existing record," there can be no prejudice to either party in expedited treatment because "the parties have already researched and briefed their legal positions in connection with [Fairfax's] injunction motion." Doc. 35 at 7-8. At the outset, that is the case with almost *every* appeal – and thus, Fairfax's position would make expedition the norm rather than the significant exception. But in any event, the record belies Fairfax's contention. As shown from Fairfax's reply in further support of its motion for an injunction pending appeal, Fairfax appended new documents the District Court never considered. *See generally* Docs. 19-2, 19-3, 19-4. Thus, it remains to be seen whether Fairfax will focus the issues on appeal to what was before the District Court or if it will continue to inject new factual and legal issues on appeal. The Secretary, accordingly, needs time to react.

8

In sum, the Secretary submits that Fairfax's proposed briefing schedule should not be adopted because Fairfax has not shown an adequate justification for the level of expedition it proposes. If this Court is inclined to expedite this appeal, the Secretary would propose the following schedule:

- Fairfax's opening brief and joint appendix must be filed on or before October 20, 2025

- The Secretary's response brief must be filed on or before November 19, 2025

- Fairfax's reply brief, if any, must be filed on or before December 10, 2025

As to oral argument, assuming the Court would find it beneficial to the resolution of this appeal, the Secretary submits that this appeal can be heard during the Court's January 2026 sitting.

## **CONCLUSION**

For all these reasons, the Court should deny Fairfax's request for expedited consideration of this appeal.

Dated: October 9, 2025

STANLEY WOODWARD, JR.
Associate Attorney General

ABHISHEK KAMBLI
Deputy Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

Respectfully Submitted,

LINDSEY HALLIGAN
United States Attorney

                /s/
MATTHEW J. MEZGER
GARRY D. HARTLIEB
Assistant United States Attorneys
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:   (703) 299-3741
Fax:   (703) 299-3983
Email: Matthew.Mezger@usdoj.gov

*Attorney for Defendants-Appellees*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the undersigned hereby certifies that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A).

1. Exclusive of the exempted portions of this motion, as provided in Federal Rule of Appellate Procedure 32(f), the motion contains 1,985 words.

2. This motion has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman Font in compliance with the typeface and type styles requirements set forth in Federal Rule of Appellate Procedure 32(a)(5)-(6). As permitted by Federal Rule of Appellate Procedure 32(g)(1), the undersigned has prepared this certificate using this word processing system's word count feature.

/s/
Matthew J. Mezger
Assistant U.S. Attorney
*Attorney for Defendants-Appellees*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fourth Circuit using the CM/ECF system, which will send a notice of such filing to all registered CM/ECF users.

      /s/
Matthew J. Mezger
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:   (703) 299-3741
Fax:   (703) 299-3983
Email: Matthew.Mezger@usdoj.gov

*Attorney for Defendants-Appellees*

DATE: October 8, 2025