**Lead Consolidated Case No. 25-2087**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ARLINGTON SCHOOL BOARD AND FAIRFAX COUNTY SCHOOL BOARD,

*Plaintiffs-Appellants,*

v.

LINDA MCMAHON, IN HER OFFICIAL CAPACITY AS SECRETARY OF EDUCATION OF THE UNITED STATES, AND THE UNITED STATES DEPARTMENT OF EDUCATION,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Virginia,
Case Nos. 1:25-cv-01434 (RDA-LRV)/1:25-cv-01432 (RDA-LRV)

## Arlington School Board's Response in Opposition to Michael D. Webb's Motion to Intervene and for Temporary Restraining Order and Preliminary Injunction

| | |
|---|---|
| Breanna Smith-Bonsu | Timothy Heaphy |
| Chloe Smeltzer | *Counsel of Record* |
| WILLKIE FARR & | Joshua N. Mitchell |
| GALLAGHER LLP | Fiona Carroll |
| 300 N. LaSalle Dr. | Lindsay Hemminger |
| Chicago, IL 60654 | WILLKIE FARR & |
| 312-728-9000 | GALLAGHER LLP |
| | 1875 K Street Northwest |
| | Washington, DC 20006 |
| | 202-303-1000 |
| | theaphy@willkie.com |

*Counsel for Plaintiffs-Appellants*

Plaintiff Arlington School Board ("ASB") submits this response in opposition to Michael D. Webb's Emergency Intervenor Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") (Dkt. 43).

Mr. Webb seeks to intervene in instant matter pursuant to Federal Rule of Civil Procedure 24,[1] and in passing, he also seeks a temporary restraining order and/or preliminary injunction. *See generally* Dkt. 43. But because Mr. Webb has failed to establish that intervention is warranted and that preliminary injunction and/or restraining order should be granted, ASB respectfully requests that this Court deny Mr. Webb's Motion.

---

[1] Mr. Webb moves for intervention pursuant to Federal Rule of Civil Procedure 24, *see* Dkt. 43 at 2, 23, but that rule is inapplicable here. While "the Federal Rules of Civil Procedure contain detailed provisions governing intervention in civil cases in federal district court . . . those rules do not apply in this Court, see Fed. R. Civ. P. 1." *Ass'n for Educ. Fairness v. Montgomery Cnty. Bd. of Educ.*, 88 F.4th 495, 498 (4th Cir. 2023). Instead, this Court looks to a set of factors to determine whether a party should be permitted to intervene in matters before this Court. *Id.* at 499. For the reasons set forth below, Mr. Webb fails to demonstrate that intervention is appropriate under these factors, and therefore, his Motion should be denied.

## <u>ARGUMENT</u>

### 1. MR. WEBB FAILS TO ESTABLISH THAT INTERVENTION IS APPROPRIATE HERE.

When analyzing whether a party may intervene in an appeal, this Court in its discretion considers "a non-exhaustive list of factors" including "the timeliness of the [] request, the interests the [putative intervenor] seek[s] to represent, the extent to which the existing parties adequately represent those interests, and the effect on the [putative intervenor] and the current parties of granting or denying intervention." *AEF*, 88 F.4th at 499 (citing *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276–79 (2022)). Mr. Webb's Motion does not demonstrate that intervention is warranted under these factors, and here, each of these factors counsel against intervention.

For one, Mr. Webb's Motion is untimely. It is "most important" that those seeking to intervene move to do so "as soon as it [becomes] clear" that their interests will not be protected by the parties in the case. *Cameron*, 595 U.S. 267 at 269, 279–80 (citation omitted). And those seeking to intervene "generally must do so while the case is pending before a trial court rather than waiting to do so on appeal." *See AEF*, 88

2

F.4th at 499. Here, Mr. Webb fails to demonstrate that he moved to intervene as soon as it became clear that his purported interests in this case would not be protected. And despite having followed this litigation throughout its pendency in the district court, *see* Dkt. 43 at 93, Mr. Webb did not move the district court to intervene. Thus, the Motion should be denied as untimely.

Moreover, Mr. Webb's Motion fails to identify what, if any, interests he has in the present litigation. Thus he fails to show that intervention is warranted under both the second and third factors. The sole issue currently on appeal is whether the district court has jurisdiction over ASB's claims, but Mr. Webb's Motion fails to address that issue even once. *See generally* Dkt. 43. While some aspects of Mr. Webb's Motion appear to espouse vague support for some of Defendants' political positions, "sharing the same beliefs as another person does not imbue [a] [p]roposed [i]ntervenor[] with any interest relating to the . . . subject of the action." *Christopher v. St. Vincent De Paul of Baltimore, Inc.,* No. CIV.A. RDB-14-3184, 2015 WL 3745025, at *4 (D. Md. June 11, 2015), *aff'd,* 631 F. App'x 138 (4th Cir. 2016). In the absence of a cognizable

3

interest in the subject matter of the present appeal, Mr. Webb's Motion should be denied.

Mr. Webb's Motion also fails to address the final factor—the effect that intervention will have on the current parties and the putative intervenor. Because it is not clear that Mr. Webb has any interests in this litigation apart from those of the existing parties, permitting him to intervene will likely cause the existing parties to respond to duplicative arguments. Accordingly, the fourth factor also counsels against intervention.

At bottom, Mr. Webb's Motion should be denied because it fails to address the factors that this Court considers when analyzing a motion to intervene. But even if it did address the factors, it is clear that each factor cuts against intervention here.

## 2. MR. WEBB FAILS TO DEMONSTRATE THAT A TEMPORARY RESTRAINING ORDER AND/OR INJUNCTION IS WARRANTED.

Mr. Webb's Motion also fails to show that he is entitled to a temporary restraining order and/or an injunction. These are extraordinary remedies, whose award is justified only where a party shows that it is likely to succeed on the underlying merits, that it is likely

4

to suffer irreparable harm absent an injunction, that the balance of equities tips in the party's favor, and that an injunction is within the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) (finding the standard for an injunction and a temporary restraining order are the same). Mr. Webb's Motion merely recites these elements in passing, but otherwise fails to demonstrate how any of these elements are actually satisfied here. *See* Dkt. 43 at 25–41; *see also S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs, Charleston Dist.*, 127 F.4th 457, 466 (4th Cir. 2025) (affirming denial of preliminary injunction because movants failed to make a "clear showing" that they were entitled to relief); *Williams Ohio Valley Midstream, LLC v. Kittle,* No. 23-2185, 2024 WL 3325532, at *3 (4th Cir. July 8, 2024) (reversing district court's grant of preliminary injunction because movant had not "***satisfied*** all required *Winter* factors")(emphasis added). Accordingly, Mr. Webb's requests for a temporary restraining order and injunctive relief should be denied.

5

## <u>CONCLUSION</u>

For the foregoing reasons, ASB respectfully requests that Mr. Webb's Motion be denied.

Dated: October 14, 2025

Respectfully submitted,

<u>/s/ *Timothy J. Heaphy*</u>
Timothy J. Heaphy
*Counsel of Record*
Joshua N. Mitchell
Fiona Carroll
Lindsay Hemminger
WILLKIE FARR &
GALLAGHER LLP
1875 K Street Northwest
Washington, DC 20006
202-303-1000
theaphy@willkie.com

Breanna Smith-Bonsu
Chloe Smeltzer
WILLKIE FARR &
GALLAGHER LLP
300 N. LaSalle Dr.
Chicago, IL 60654
312-728-9000

*Counsel for Plaintiff Arlington School Board*

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Plaintiff Arlington School Board certifies, pursuant to Local Rule 27(d)(2), that the foregoing motion contains 1,016 words, excluding the parts of the motion exempted by Local Rule 27(d)(2), according to the word count feature of Microsoft Word.

/s/ *Timothy J. Heaphy*
Timothy J. Heaphy

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fourth Circuit using the CM/ECF system, which will send a notice of such filing to all registered CM/ECF users.

/s/ *Timothy J. Heaphy*
Timothy J. Heaphy
*Counsel of Record*
WILLKIE FARR &
GALLAGHER LLP
1875 K Street Northwest
Washington, DC 20006
202-303-1000
theaphy@willkie.com

*Attorney for Plaintiff-Appellant*

Date: October 14, 2025