No. 25-2107

# United States Court of Appeals for the Fourth Circuit

**ARLINGTON COUNTY SCHOOL BOARD,**

*Plaintiff-Appellant*,

v.

**LINDA McMAHON, Secretary of the Department of Education; UNITED STATES DEPARTMENT OF EDUCATION**

*Defendants-Appellees*.

On Appeal from the United States District Court
For the Eastern District of Virginia
Case No. 1:25-cv-1432 (RDA/LRV)

**Defendants-Appellees' Opposition to Major Michael D. Webb's Emergency to Intervene**

| | |
|---|---|
| STANLEY WOODWARD<br>Associate Attorney General | LINDSEY HALLIGAN<br>United States Attorney |
| ABHISHEK KAMBLI<br>Deputy Associate Attorney General | MATTHEW J. MEZGER<br>GARRY D. HARTLIEB<br>Assistant United States Attorneys<br>2100 Jamieson Avenue |
| BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division | Alexandria, Virginia 22314<br>Tel:   (703) 299-3741<br>Fax:   (703) 299-3983<br>Email: Matthew.Mezger@usdoj.gov |
| Date: October 14, 2025 | *Attorney for Defendants-Appellees* |

# INTRODUCTION

Prospective interventor Major Michael D. Webb ("Webb") makes an unusual and untimely request to intervene in this Court, without a meaningful effort to show how he meets the legal standard for intervention on appeal. The Court should deny Webb's motion to intervene and any associated request for relief.

# ARGUMENT

## I.  LEGAL STANDARD

Intervention on appeal is "unusual" and should only be permitted in an "exceptional case for imperative reasons." *See E. Bay Sanctuary Covenant v. Biden*, 102 F.4th 996, 1000–01 (9th Cir.) (collecting cases for the proposition), *cert. denied sub nom. Kansas v. Mayorkas*, 145 S. Ct. 415 (2024); *Richardson v. Flores*, 979 F.3d 1102, 1105 (5th Cir. 2020) (noting there is a "steep threshold for allowing intervention on appeal"); *Pub. Serv. Co. of N.M. v. Barboan*, 857 F.3d 1101, 1113 (10th Cir. 2017) (similar); *Amalgamated Transit Union Int'l, AFL-CIO v. Donovan*, 771 F.2d 1551, 1552–53, 1553 n.3 (D.C. Cir. 1985) (similar). "There is considerable reluctance . . . to allow intervention after the action has gone to judgment . . . [and] even more reason to deny an application to intervene made while an appeal is pending." *Ass'n for Educ. Fairness v. Montgomery Cnty. Bd. of Educ.* ("*AEF*"), 88 F.4th 495, 499 (4th Cir. 2023) (quoting Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1916 (3d ed. 2023)). Nevertheless, "resolution of a motion for permissive intervention is committed to the discretion of the court before which intervention is

sought." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 278–79 (2022) (citing *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. AFL-CIO, Loc. 283 v. Scofield*, 382 U.S. 205, 217, n. 10 (1965); Fed. Rule Civ. P. 24(b)(1)(a)).

"No statute or rule provides a general standard to apply in deciding whether intervention on appeal should be allowed." *Cameron*, 595 U.S. at 276. In considering motions to intervene on appeal, courts consult "the policies underlying intervention in the district courts." *AEF*, 88 F.4th at 498 (quoting *Cameron*, 595 U.S. at 277). Thus, this Court "consider[s] a non-exhaustive list of factors—the timeliness of the [] request, the interests the [putative intervenor] seek[s] to represent, the extent to which the existing parties adequately represent those interests, and the effect on the [putative intervenor] and the current parties of granting or denying intervention. *Id.* at 499 (citing *Cameron*, 595 U.S. at 276–82).

In addition, two threshold guardrails prevent permissive intervention on appeal: (1) those seeking to force their way into lawsuits between others generally must do so while the case is pending before a trial court rather than waiting to do so on appeal; and (2) the party seeking to intervene must not "forgo any meaningful opportunity to obtain review of an adverse district court ruling" by "filing a fresh motion to intervene on appeal." *Id.* at 499.

2

## II. WEBB CANNOT MEET HIS BURDEN TO ESTABLISH INTERVENTION IN THIS COURT

Webb fails to establish any, let alone each, of the factors this Court considers when evaluating intervention on appeal.

### A. Webb's Motion is Procedurally Improper

Webb is not entitled to intervene because he has violated one of this Court's "guardrails" against appellate intervention. As noted above, this Court has held that a party seeking to intervene "generally must do so while the case is pending before a trial court rather than waiting to do so on appeal." *See AEF*, 88 F.4th at 499. But the record is devoid of any attempt to intervene in the district court.

### B. Webb's Intervention Motion is Untimely

Timeliness requires an assessment "from all the circumstances" of the cases but it is "most important" that the potential intervenor sought intervention "as soon as it became clear" that its interests would not be protected by the parties in the case. *Cameron*, 595 U.S. 267 at 278–79 (citation omitted). There is no bright line rule about the number of days for timely action. *See, e.g.*, *United States v. Google LLC*, No. 25-5016, 2025 WL 880552, at *4 (D.C. Cir. Mar. 21, 2025) (*comparing NAACP v. New York*, 413 U.S. 345, 366–69 (1973) (finding motion untimely after seventeen days, in case affecting "rapidly approaching primary elections") *with Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003) (finding that intervention was timely when party intervened within "less than thirty days")).

Here, Webb's delay renders his instant motion untimely because he delayed taking any action soon after his alleged emergency. Despite the emergency posture of Arlington's civil action, and the emergency that Webb now asserts, he neither sought to immediately intervene in the District Court, nor did he immediately file his own action seeking emergency relief. His motion is untimely.

### C. Webb Has No Legal Interest in this Litigation

The Secretary's July 25, 2025, findings and conclusions letter that led to their "high risk" status applied to five different school systems. *See generally* R.3-4. It resulted from an investigation into Arlington and four other schools. Doc.13 at 4-5. It did not apply to Webb. Webb is not a school system who receives federal funding and has no legal interest in Arlington's "high risk" designation. In fact, Webb makes no meaningful attempt to demonstrate what his interests are beyond general interest in this litigation. While that interest may be sincere, it is not a legal interest in the case.

### D. Existing Parties Adequately Represents Webb's Interests (If any)

It is unclear based on the briefing whether Webb is intending to intervene as Appellant or Appellee. Regardless, to the extent that Webb has any legal interest in the litigation, the existing parties adequately represent those interests. The existing parties have adequately litigated this case both at the district and appellate court.

4

There is no interest that Webb may have that has not been appropriately represented by the existing parties.

## **CONCLUSION**

For all these reasons, the Secretary respectfully requests that Webb's motion be denied.

Dated: October 14, 2025

STANLEY WOODWARD
Associate Attorney General

ABHISHEK KAMBLI
Deputy Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

Respectfully Submitted,

LINDSEY HALLIGAN
United States Attorney

/s/
MATTHEW J. MEZGER
GARRY D. HARTLIEB
Assistant United States Attorneys
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:   (703) 299-3741
Fax:   (703) 299-3983
Email: Matthew.Mezger@usdoj.gov

*Attorney for Defendants-Appellees*

5

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the undersigned hereby certifies that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A).

1. Exclusive of the exempted portions of this motion, as provided in Federal Rule of Appellate Procedure 32(f), the motion contains 984 words.

2. This motion has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman Font in compliance with the typeface and type styles requirements set forth in Federal Rule of Appellate Procedure 32(a)(5)-(6). As permitted by Federal Rule of Appellate Procedure 32(g)(1), the undersigned has prepared this certificate using this word processing system's word count feature.

/s/
Matthew J. Mezger
Assistant U.S. Attorney
*Attorney for Defendants-Appellees*

## **CERTIFICATE OF SERVICE**

 I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fourth Circuit using the CM/ECF system, which will send a notice of such filing to all registered CM/ECF users.

 I also hereby certify that on this date, I caused a true and correct copy of the foregoing to be placed in the United States mail, first-class postage fully prepaid, addressed to the *pro se* Prospective Intervenor as follows:

Major Mike Webb
3445 Washington Boulevard
Apt. #306
Arlington, VA 22201

                 /s/
                 Matthew J. Mezger
                 Assistant U.S. Attorney
                 2100 Jamieson Avenue
                 Alexandria, Virginia 22314
                 Tel: (703) 299-3741
                 Fax: (703) 299-3983
                 Email: Matthew.Mezger@usdoj.gov

                 *Attorney for Defendants-Appellees*

DATE: October 14, 2025