
**U.S. Department of Justice**
## United States Attorney's Office
Eastern District of Virginia
| | |
|---|---|
| 2100 Jamieson Avenue | (703) 299-3700 |
| Alexandria, VA 22314 | (703) 299-3983 (fax) |

January 23, 2026

***Delivery by CM/ECF***

The Honorable Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

**Re:**  *Fairfax County School Board v. McMahon*, **Appeal No. 25-2087 (L)**

Dear Ms. Anowi:

Pursuant to Federal Rule of Appellate Procedure 28(j), the Secretary writes to identify *Sustainability Institute v. Trump*, No. 25-1575, ---F.4th---, 2026 WL 157120 (4th Cir. Jan. 21, 2026), as a new authority relevant to the parties' arguments concerning the district court's jurisdiction over the School Districts' Administrative Procedure Act ("APA") claims.

In a grant termination case brought under the APA, *Sustainability Institute* vacated a permanent injunction that set aside the government's freeze or termination of plaintiffs' grants and directed the government to restore plaintiffs' access to grant funds. *Id.* at *1. The district court held that it had jurisdiction to resolve plaintiffs' APA claims because they did "not turn on the terms of a contract between the parties" and sought "equitable, not monetary relief." *Id.* This Court vacated, holding that "the district court lacked jurisdiction to order that relief, which was designed to enforce obligations to pay money pursuant to [p]laintiffs' grants." *Id.* at *4. This Court reiterated that the Tucker Act gives the Court of Federal Claims exclusive subject matter jurisdiction over any claim against the United States founded upon any express or implied contract with the United States. *Id.* at *5. This Court held there was "no meaningful difference" between plaintiffs' requests and the relief at issue in *Department of Education v. California*, 604 U.S. 650, 651 (2025) and *National Institutes of Health v. American Public Health Ass'n*, 145 S. Ct. 2658, 2664 (2025). *Id.* at *6. Moreover, this Court stressed that the plaintiffs' "alleged statutory and constitutional violations do not alter the essentially contractual nature of" their claim—particularly when plaintiffs "identifie[d] no source of law" to provide the requested relief. *Id.*

Here, the Secretary cited this Court's stay order in *Sustainability Institute* for those propositions. *See* Appellees' Br. at 12, 15, 27, 29-30. The recent merits order confirms that the district court here lacked jurisdiction over the School Districts' APA claims which sought an order "[r]equir[ing] that Defendants immediately pay to [Plaintiffs] any funds that have been denied." *See* JA039.

---

Matthew J. Mezger ▪ Assistant United States Attorney ▪ (703) 299-3741 ▪ Matthew.Mezger@usdoj.gov

For these reasons and those in the Secretary's Brief, this Court should affirm.

Sincerely,

Todd W. Blanche
Deputy Attorney General

By:    /s/ Matthew J. Mezger
Matthew J. Mezger
Garry D. Hartlieb
Assistant United States Attorneys

Abishek Kambli
Deputy Associate Attorney General

*Counsel for Defendants-Appellees*

cc: Counsel for the School Districts (via CM/ECF)