

**U.S. Department of Justice**
**United States Attorney's Office**
**Eastern District of Virginia**

---

101 West Main Street, Suite 8000       Telephone: (757) 441-6331
Norfolk, VA 23510                       Facsimile:  (757) 441-6689

January 24, 2026

***Delivery by CM/ECF***

The Honorable Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

**Re:**    *Fairfax County School Board v. McMahon*, **Appeal No. 25-2087 (L)**

Dear Ms. Anowi:

Pursuant to Federal Rule of Appellate Procedure 28(j), the Secretary writes to identify *Solutions in Hometown Connections v. Noem*, No. 25-1640, ---F.4th---, 2026 WL 179590 (4th Cir. Jan. 23, 2026), as a new authority relevant to the parties' arguments concerning the district court's jurisdiction over the School Districts' Administrative Procedure Act ("APA") claims.

In a grant termination case brought under the APA, *Solutions in Hometown Connections* affirmed the district court's denial of a preliminary injunction. The plaintiffs sought a preliminary injunction, contending that the government's freezing and termination of their grants was arbitrary and capricious and contrary to law in violation of the APA, and otherwise unlawful. *Id.* at *1-2. The district court "concluded that the plaintiffs' claims were in essence contract claims against the United States for which the United States Court of Federal Claims has exclusive jurisdiction" under the two-part test in *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982) — which this Court has previously adopted. *Id.* at *3. The district court acknowledged that the plaintiffs sought only declaratory and injunctive relief, but it concluded that the relief sought would require Defendants to unfreeze the grant funds and honor the plaintiffs' reimbursement requests for expenses. *Id.* at *3. Affirming, this Court held the case was "materially similar" to the Supreme Court's recent decisions in *Dep't of Educ. v. California*, 604 U.S. 650 (2025) and *National Institutes of Health v. American Public Health Ass'n*, 145 S. Ct. 2658 (2025). *Id.* at *5.

Here, the Secretary made the same arguments based on the same authorities. Appellees Br. at 20-31. *Solutions in Hometown Connections* confirms that the district court appropriately denied the School Districts injunctive relief and that it lacked jurisdiction over their APA claims. As this Court emphasized there and is true here: "*The plaintiffs' motion for preliminary injunction sought*

---

*at its core an order 'to restore' the Grant Program so that the plaintiffs could have 'funding' for their work.*" 2026 WL 179590 at *7. Those claims are unavailable under the APA.

For these reasons and those in the Secretary's Brief, this Court should affirm.

        Sincerely,

        Todd W. Blanche
        Deputy Attorney General

    By: /s/ Garry D. Hartlieb
        Matthew J. Mezger
        Garry D. Hartlieb
        Assistant United States Attorneys

        Abishek Kambli
        Deputy Associate Attorney General

        *Counsel for Defendants-Appellees*

cc: Counsel for the School Districts (via CM/ECF)