

Timothy J. Heaphy
1717 Rhode Island Ave. NW,
Washington, DC 20036
Direct dial (202) 739-8475

January 27, 2026

**Delivery by CM/ECF**

The Honorable Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re:   *Fairfax County School Board and Arlington School Board v. McMahon*, Appeal No. 25-2087 (L)

Dear Ms. Anowi,

Secretary McMahon's January 23 and 24, 2026 Supplemental Authority Notices (the "Notices") cite recent decisions of this Court which rely upon Supreme Court emergency docket opinions in *Department of Education v. California*, 604 U.S. 650 (2025) and *National Institutes of Health v. American Public Health Association*, 145 S. Ct. 2658 (2025). In Justice Barrett's *NIH* concurrence, she proposed a two-track litigation approach that requires claims for money damages be brought in the Court of Federal Claims ("CFC") pursuant to the Tucker Act, while claims for prospective relief challenging agency guidance be brought in district court pursuant to the Administrative Procedure Act ("APA"). *NIH,* 145 S. Ct. at 2662 (Barrett, J., concurring).

District courts are successfully applying this bifurcated approach. On remand in *California,* the district court "dr[ew] upon various Supreme Court opinions and the undisturbed *Bowen* precedent, [and held] that retrospective and prospective claims must be analyzed separately." No. 25-CV-10548-AK, 2025 WL 3165713, at *12 (D. Mass. Nov. 13, 2025). The court dismissed the plaintiffs' claims for reinstatement of funds, finding that those claims belonged in the CFC. *Id.* at *15. The court ruled, however, that plaintiffs' APA claims raised "[s]tates' interests in procedural regularity and predictability of how [agencies] will award grants in the future . . . [which is] distinct from their interest in obtaining retrospective monetary relief sought from the terminated grant agreements." *Id.* at *16 (internal citations omitted). The court found it "clear that vacatur of the agency's actions and enjoining its prospective implementation is equitable, prospective relief that must be addressed under the APA in [district court]." *Id.*



Timothy J. Heaphy
1717 Rhode Island Ave. NW,
Washington, DC 20036
Direct dial (202) 739-8475

Unlike in the authority the Notices highlight, the Districts' funding has not been terminated or withheld so there is no retrospective relief to request from the CFC. Rather, the Secretary designated the Districts as "high-risk" and placed unlawful conditions on their funding based on the Department of Education's interpretation of Title IX. JA049-52; JA193-96. The Districts seek prospective relief in district court under the APA, which is consistent with *California*, *NIH*, and this Court's recent opinions.

Respectfully Submitted,

*/s/* Timothy J. Heaphy

*Counsel for Plaintiffs-Appellants*

cc: Counsel for Defendants-Appellees (via CM/ECF)